# IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

DUSTIN SURI, )
)
Plaintiff, )
v. ) Case. No. 22-6101
)
SDI PRESENCE, LLC )
)
) **JURY DEMANDED**
Defendants. )

## COMPLAINT

DUSTIN SURI ("Plaintiff" or "Suri"), by and through his undersigned counsel, Navarrio Wilkerson, Esq., DISPARTI LAW GROUP, P.A., complains as follows against SDI Presence, LLC ("Defendant" or "SDI").

## NATURE OF THE ACTION

1. On December 6, 2022, Suri was hired by the Defendant SDI Presence, LLC.

2. Suri was hired as the Director of Marketing.

3. During the application process Mr. Suri informed SDI that he suffers from a disability, PTSD, which was diagnosed in 2019.

4. On or about December 6, 2021, Plaintiff requested an accommodation for his disability, which included a request for his own office with a door that closes.

5. After repeated requests for an accommodation, the Defendant failed to engage in the interactive process or provide any accommodation during the entirety of his employment.

6. During his employment, Plaintiff was harassed by the Chief Financial Officer, Sharee Wolff, for having a disability.

7. On or about February 23, 2022, after being harassed by Sharee Wolff the day before, Plaintiff was terminated on February 23, 2022.

1

8. This is an action brought under the Americans with Disabilities Act of 1990.

## JURISDICTION AND VENUE

9. This Court has jurisdiction over SDI Presence, LLC, because it committed the acts and omissions that are the subject of this litigation in Cook, Illinois, which is in this district.

10. Jurisdiction of this court arises under 28 U.S.C. §§ 1331, 1343.

11. This Court has personal jurisdiction over SDI Presence, LLC because, at all times relevant, SDI Presence, LLC has been headquartered in this judicial district, maintains offices and places of operation in this judicial district, and conducts its principal business in this judicial district.

12. Venue is proper in this Court pursuant to 28 U.S.C. § 1391 in that SDI Presence, LLC's principal place of business and operation is in this judicial district.

13. SDI Presence, LLC engaged in the unlawful employment practices in this judicial district, and all of the events or omissions giving rise to the claims occurred in this judicial district

14. This Court has jurisdiction to award attorney's fees under 42 U.S.C. § 1988.

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

15. Plaintiff filed a charge of discrimination against the Defendant with the EEOC. (Charge No. 440-2022-04043). A true and accurate copy of Plaintiff's EEOC charge is attached as *Exhibit A*.

16. All administrative remedies for the purposes of the Americans with Disabilities Act of 1990 claim have been exhausted. All conditions precedent to the institution of this lawsuit have been fulfilled including receipt of the right-to-sue letter issued by the EEOC on August 9, 2022. A copy of the Right-To-Sue letter is attached hereto as *Exhibit B*.

17. Plaintiff commenced this lawsuit within the 90-day period of the EEOC right-to-sue-notice.

## PARTIES

18. Plaintiff Dustin Suri is a natural person and legal adult residing in this judicial district.

19. Defendant, SDI Presence, LLC ("Defendant" or the "SDI") is for-profit corporation and its principal place of business is in Chicago (Cook County), Illinois.

## FACTS COMMON TO ALL COUNTS

20. On December 6, 2021, Plaintiff was hired by Defendant SDI Presence, LLC.

21. Mr. Suri was hired as the Director of Marketing.

22. During the application process Mr. Suri informed SDI, his supervisors, and human resources that he suffers from a disability, PTSD, which was diagnosed in 2019.

23. On or about December 6, 2022, the Plaintiff requested an accommodation for his disability, which included his own office with a door that closes.

24. After repeated requests for an accommodation, the Defendant failed to engage in the interactive process or provide any accommodation.

25. During his employment, Plaintiff was harassed by the CFO, Sharee Wolff for having a disability.

26. On or about February 23, 2022, Plaintiff was terminated.

## COUNT I
### Violation of the Americans with Disabilities Act ("ADA")

27. Plaintiff restates, realleges, and incorporates by reference Paragraphs 1 through 26 of this Complaint as if fully stated herein.

28. The ADA requires employers to reasonably accommodate the limitations of its disabled employees. 42 U.S.C.A. § 12112(b)(5)(A). DiFranco v. City of Chicago, No. 21 C 1600, 2022 WL 672746 (N.D. Ill. Mar. 7, 2022)

29. To establish an ADA claim for failure to accommodate, a plaintiff must show that: (1) he is a qualified individual with a disability; (2) the employer was aware of his disability; and (3) the employer failed to reasonably accommodate the disability. 42 U.S.C.A. § 12112(b)(5)(A).DiFranco v. City of Chicago, No. 21 C 1600, 2022 WL 672746 (N.D. Ill. Mar. 7, 2022)

30. An unreasonable delay in providing an accommodation for an employee's known disability can amount to failure to accommodate his disability under the ADA. 42 U.S.C.A. § 12112(b)(5)(A). DiFranco v. City of Chicago, No. 21 C 1600, 2022 WL 672746 (N.D. Ill. Mar. 7, 2022)

31. Plaintiff is a member of a protected and suspect classification: a person with a disability.

32. As outlined in the preceding paragraphs, Plaintiff is a "qualified individual with a disability" within the meaning of 42 U.S.C.A. § 12111(8) because he can, with reasonable accommodation, perform the true essential functions of the job that he held and sought to hold in the employ of the Defendant.

33. During his employment, Suri informed SDI that he suffers from a disability, PTSD, which was diagnosed in 2019.

34. When Suri applied with SDI online, he completed a disability acknowledgment form ("Voluntary Self-Identification of Disability') and revealed his disability.

35. Suri's PTSD qualifies him as a disabled person as defined by the ADA when considering the nature and severity of the impairment, its duration, and its long-term impact.

4

36. When triggered, Suri suffers from migraines, requiring him to turn off lights to reduce the debilitating pain and symptoms.

37. Suri's PTSD triggers also induce vomiting, panic attacks, migraines, sweats, and other hinderances in his ability to focus, think, and concentrate.

38. Suri disclosed his PTSD prior to his employment in his employment application.

39. On or about December 6, 2021, Suri also disclosed his PTSD at the outset of his employment to his supervisor, Chief Markets Officer, Dawn Pfeiffer.

40. Dawn Pfeiffer acknowledged Suri's disability and indicated that she would inform human resources of his request for accommodation.

41. During Plaintiff's employment, Defendant was on notice and at all times knew of Plaintiff's ADA-recognized disabilities.

42. Upon this disclosure, Mr. Suri immediately requested a reasonable accommodation.

43. As the Marketing Director, an executive level employee, and as a disabled employee, Suri requested that he be given an office with a closed door to work and focus.

44. He informed SDI that the "bullpen" area where he was forced to work exacerbated his disability and symptoms thereof.

45. It was widely known that SDI had many available closed door office spaces.

46. In fact, other employees were able to "reserve" offices with closed doors for use when they came into work.

47. It was also widely known that the spaces which were "reserved" frequently and consistently remained empty because employees would often not come into work to use them for during their reservations.

48. However, Mr. Suri was forced to repeatedly request his reasonable accommodation, to be assigned an office, throughout the entirety of his employment.

49. When he inquired on a nearly weekly basis about the status of getting an office, Suri's manager Dawn Pfeifer and human resources personnel repeatedly stated, "we are working on it."

50. Nonetheless, Suri continued to perform his job duties with or without an accommodation.

51. The Defendant would not have suffered any undue hardship in providing Suri an office space as the defendant had multiple rooms empty and available to be assigned.

52. Under the circumstances, SDI did not engage in the accommodation process in good faith.

53. Defendant's office spaces were available but were purposely and unreasonably withheld for months during Suri's employment.

54. SDI objectively failed in their legal obligation to reasonably accommodate Suri's disability.

55. Additionally, the CFO, Sharee Wolff, on multiple occasions subjected Suri to public harassment, demeaned him by calling him "stupid", "dumb", and "lacking mental capacity" on multiple group video calls.

56. On other occasions Sharee Wolff inquired about his mental state.

57. The first time Sharee Wolff publicly harassed the Plaintiff it triggered Suri's PTSD and symptoms thereof, causing him to severely vomit and suffer excruciating migraines after the call.

58. Suri complained to his manager Dawn Pfeiffer that he was being harassed by Sharee Wolff.

59. Pfeiffer agreed that Wolff's statements were inappropriate and said that she would discuss them with Wolff.

60. The second time, on February 22, 2022, Sharee Wolff more aggressively berated him on another video call with similar or worse language in front of his coworkers.

61. SDI allowed Sharee Wolff on multiple occasions to harass and verbally assault Suri based on his disability.

62. On February 23, 2022, Suri suffered an adverse action when he was terminated from his employment.

63. On February 23, 2022, he was later called into his manager's office and told by the Human Resources person "this isn't working out."

64. Dustin Suri was harassed and terminated based on his disability.

65. Specifically, the Defendant violated the ADA in at least the following ways: it failed to engage in the required interactive process; scrutinized his work performance more harshly than other employees without disabilities; degraded and humiliated him in front of his peers; subjected Plaintiff to a hostile work environment, exacerbated Plaintiff's anxiety; and caused Plaintiff emotional distress.

66. As a direct and proximate result of Defendant's actions, Plaintiff suffered financial damages, including but not limited to loss of wages, past and future, loss of benefits, past and future, loss of future earnings and other incidentals and benefits of employment, damage to reputation, other compensatory damages, attorney's fees, court costs, and other damages allowable under the ADA.

WHEREFORE, based on the foregoing, Plaintiff respectfully requests that his Honorable Court enter Judgement in his favor, and against Defendant SDI Presence, LLC, and other

Plaintiff made whole for all losses as a result of Defendant's unlawful discriminatory actions complained of herein, loss of pay and benefits, lost bonuses and raises, compensatory damages, and reasonable attorney's fees and costs. Plaintiff additionally request that this Court enter an order for such other relief as it deems just and proper.

                                        Respectfully submitted,

                                        DUSTIN SURI

                                        By:    */s/NaVarrio D. Wilkerson*
                                                      *Plaintiff's Attorney*

NaVarrio D. Wilkerson
Disparti Law Group, P.A.
121 W. Wacker, Suite 2300
Chicago, IL 60601
P: 312-506-5511 ext 336
E: navarrio@dispartilaw.com

EEOC Form 5 (11/09)

| CHARGE OF DISCRIMINATION | Charge Presented To: | Agency(ies) Charge No(s): |
|---|---|---|
| This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form. | EEOC<br>FEPA | 440-2022-04043 |

| Illinois Department Of Human Rights | and EEOC |
|---|---|
| *State or local Agency, if any* | |

| Name *(indicate Mr., Ms., Mrs.)*<br>Mr. Dustin Suri | Home Phone<br>646-407-6044 | Year of Birth |
|---|---|---|
| Street Address<br>637 E Woodland Park Ave Apt 312<br>CHICAGO, IL 60616 | | |

Named is the Employer, Labor Organization, Employment Agency, Apprenticeship Committee, or State or Local Government Agency That I Believe Discriminated Against Me or Others. *(If more than two, list under PARTICULARS below.)*

| Name<br>SDI Presence LLC | No. Employees, Members<br>15 - 100 Employees | Phone No. |
|---|---|---|
| Street Address<br>200 E RANDOLPH ST STE 3550<br>CHICAGO, IL 60601 | | |
| Name | No. Employees, Members | Phone No. |
| Street Address | City, State and ZIP Code | |

| DISCRIMINATION BASED ON | DATE(S) DISCRIMINATION TOOK PLACE |
|---|---|
| Disability | Earliest: 02/23/2022     Latest: 02/23/2022 |

THE PARTICULARS ARE *(If additional paper is needed, attach extra sheet(s))*:

I was hired by Respondent in or around December 6, 2021. My most recent position was Director of Marketing. Respondent was aware of my disability. On or around February 23, 2022, I was discharged. I believe I have been discriminated against because of my disability, in violation of the Americans with Disabilities Act of 1990, as amended.

| I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures. | NOTARY – *When necessary for State and Local Agency Requirements* |
|---|---|
| I declare under penalty of perjury that the above is true and correct.<br>**Digitally Signed By: Mr. Dustin Suri**<br>06/14/2022<br><br>*Charging Party Signature* | I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.<br>SIGNATURE OF COMPLAINANT<br><br>SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE *(month, day, year)* |

**EXHIBIT A**

# U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

Chicago District Office
230 S Dearborn Street
Chicago, IL 60604
(800) 669-4000
Website: www.eeoc.gov

## DETERMINATION AND NOTICE OF RIGHTS
(This Notice replaces EEOC FORMS 161 & 161-A)

**To:** Mr. Dustin Suri
637 E. Woodland Park Ave., Apt. 312
CHICAGO, IL 60616

Charge No: 440-2022-04043

EEOC Representative and email:

Shuwn Hayes, Investigator
shuwn.hayes@eeoc.gov

## DETERMINATION OF CHARGE

The EEOC issues the following determination: The EEOC will not proceed further with its investigation and makes no determination about whether further investigation would establish violations of the statute. This does not mean the claims have no merit. This determination does not certify that the respondent is in compliance with the statutes. The EEOC makes no finding as to the merits of any other issues that might be construed as having been raised by this charge.

## NOTICE OF YOUR RIGHT TO SUE

This is official notice from the EEOC of the dismissal of your charge and of your right to sue. If you choose to file a lawsuit against the respondent(s) on this charge under federal law in federal or state court, **your lawsuit must be filed WITHIN 90 DAYS of your receipt of this notice.** Receipt generally occurs on the date that you (or your representative) view this document. You should keep a record of the date you received this notice. Your right to sue based on this charge will be lost if you do not file a lawsuit in court within 90 days. (The time limit for filing a lawsuit based on a claim under state law may be different.)

If you file a lawsuit based on this charge, please sign-in to the EEOC Public Portal and upload the court complaint to charge 440-2022-04043.

On behalf of the Commission,

Digitally Signed By: Julianne Bowman
8/9/2022

Julianne Bowman
District Director

**Cc:** SDI Presence LLC.

Please retain this notice for your records.

**EXHIBIT B**