# IN THE UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

DUSTIN SURI

        Plaintiff,

v.

SDI PRESENCE LLC

        Defendant.

22-cv-6101

## ANSWER TO COMPLAINT

NOW COMES the Defendant, SDI Presence LLC by and through its attorney, and for its Answer to the Complaint, states as follows:

### NATURE OF THE ACTION

1. On December 6, 2022, Suri was hired by the Defendant SDI Presence LLC.

**ANSWER:** **Denied.**

2. Suri was hired as the Director of Marketing.

**ANSWER:** **Admitted.**

3. During the application process Mr. Suri informed SDI that he suffers from a disability, PTSD, which was diagnosed in 2019.

**ANSWER:** **Denied.**

4. On or about December 6, 2021, Plaintiff requested an accommodation for his disability, which included a request for his own office with a door that closes.

**ANSWER:** **Denied.**

5. After repeated requests for an accommodation, the Defendant, failed to engage in the interactive process or provide any accommodation during the entirety of his employment.

**ANSWER: Denied.**

6. During his employment, Plaintiff was harassed by the Chief Financial Officer, Sharee Wolff, for having a disability.

**ANSWER: Denied.**

7. On or about February 23, 2022, after being harassed by Sharee Wolff the day before, Plaintiff was terminated on February 23, 2022.

**ANSWER: Defendant admits only that plaintiff was terminated February 23, 2022. Defendant denies all remaining allegations in this paragraph.**

8. This is an action brought under the Americans with Disabilities Act of 1990.

**ANSWER: This is a legal conclusion to which no answer is required. To the extent an answer is required, defendant admits plaintiff purports to bring this case under the ADA but denies all allegations it violated same.**

## JURISDICTION AND VENUE

9. This Court has jurisdiction over SDI Presence LLC, because it committed the acts and omissions that are the subject of this litigation in Cook, Illinois, which is in this district.

**ANSWER: Defendant denies all allegations it committed unlawful "acts and omissions." Defendant admits venue is proper in this Court.**

10. Jurisdiction of this court arises under 28 U.S.C. §§ 1331, 1343.

**ANSWER: Defendant admits this court has federal question jurisdiction over this action.**

1l. This Court has personal jurisdiction over SDI Presence LLC because, at all times relevant, SDI Presence LLC has been headquartered in this judicial district, maintains offices and places of operation in this judicial district, and conducts its principal business in this judicial district.

**ANSWER: Defendant admits it maintains offices and its principal place of business in this judicial district.**

12. Venue is proper in this Court pursuant to 28 U.S.C. § 1391 in that SDI Presence LLC's principal place of business and operation is in this judicial district.

**ANSWER: Defendant admits venue is proper in this court.**

13. SDI Presence LLC engaged in the unlawful employment practices in this judicial district, and all of the events or omissions giving rise to the claims occurred in this judicial district.

**ANSWER: Denied.**

14. This Court has jurisdiction to award attorney's fees under 42 U.S.C. § 1988.

**ANSWER: Denied.**

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

15. Plaintiff filed a charge of discrimination against the Defendant with the EEOC. (Charge No. 440-2022-04043). A true and accurate copy of Plaintiff's EEOC charge is attached as *Exhibit A*.

**ANSWER: Defendant admits it received notice that plaintiff filed the charge identified in this paragraph and attached as Exhibit A to the complaint. Defendant denies all allegations in the charge.**

16. All administrative remedies for the purposes of the Americans with Disabilities Act of 1990 claim have been exhausted. All conditions precedent to the institution of this lawsuit have been fulfilled including receipt of the right-to-sue letter issued by the EEOC on August 9, 2022. A copy of the Right-To-Sue letter is attached hereto as *Exhibit B*.

**ANSWER: Defendant admits only that it received a copy of the EEOC Notice of Right to Sue attached as Exhibit B to the complaint. Defendant lacks sufficient knowledge or information to answer the remaining allegations in this paragraph.**

17. Plaintiff commenced this lawsuit within the 90-day period of the EEOC right-to-sue notice.

**ANSWER: Admitted.**

## PARTIES

18. Plaintiff Dustin Suri is a natural person and legal adult residing in this judicial district.

**ANSWER:** **Admitted upon information and belief.**

19. Defendant, SDI Presence LLC ("Defendant" or the "SDI") is for-profit corporation and its principal place of business is in Chicago (Cook County), Illinois.

**ANSWER:** **Defendant admits only that its principal place of business is in Chicago (Cook County) Illinois. Defendant denies the remaining allegations in this paragraph.**

## FACTS COMMON TO CALL COUNTS

20. On December 6, 2021, Plaintiff was hired by Defendant SDI Presence, LLC.

**ANSWER:** **Admitted.**

21. Mr. Suri was hired as the Director of Marketing.

**ANSWER:** **Admitted.**

22. During the application process Mr. Suri informed SDI, his supervisors, and human resources that he suffers from a disability, PTSD, which was diagnosed in 2019.

**ANSWER:** **Denied.**

23. On or about December 6, 2022, the Plaintiff requested an accommodation for his disability, which included his own office with a door that closes.

**ANSWER: Denied.**

24. After repeated requests for an accommodation, the Defendant failed to engage in the interactive process or provide any accommodation.

**ANSWER: Denied.**

25. During his employment, Plaintiff was harassed by the CFO, Sharee Wolff for having a disability.

**ANSWER: Denied.**

26. On or about February 23, 2022, Plaintiff was terminated.

**ANSWER: Admitted.**

## COUNT 1
**Violation of the Americans with Disabilities Act ("ADA")**

27. Plaintiff restates, realleges, and incorporates by reference Paragraphs 1 through 26 of this Complaint as if fully stated herein.

**ANSWER: Defendant restates and incorporates by reference its answers to paragraphs 1-26 for its answer to this paragraph 27.**

28. The ADA requires employers to reasonably accommodate the limitations of its disabled employees. 42 U.S.C.A. § 12112(b)(5)(A). Difranco v. City of Chicago, No. 21 C 1600, 2022 WL 672746 (N.D. Ill. Mar. 7, 2022).

**ANSWER: This paragraph contains legal argument improperly stated in a pleading and to which no answer is required. To the extent an answer is required, this paragraph is denied.**

29. To establish an ADA claim for failure to accommodate, a plaintiff must show that: (1) he is a qualified individual with a disability; (2) the employer was aware of his disability; and (3) the employer failed to reasonably accommodate the disability. 42 U.S.C.A. § 12112(b)(5)(A). DiFranco v. City of Chicago, No. 21 C 1600, 2022 WL 672746 (N.D. Ill. Mar. 7, 2022).

**ANSWER: This paragraph contains legal argument improperly stated in a pleading and to which no answer is required. To the extent an answer is required, this paragraph is denied.**

30. An unreasonable delay in providing an accommodation for an employee's known disability can amount to failure to accommodate his disability under the ADA 42 U.S.C.A. § 12112(b)(5)(A). DiFranco v. City of Chicago, No. 21 C 1600, 2022 WL 672746 (N.D. Ill Mar. 7, 2022).

**ANSWER: This paragraph contains legal argument improperly stated in a pleading and to which no answer is required. To the extent an answer is required, this paragraph is denied.**

31. Plaintiff is a member of a protected and suspect classification: a person with a disability.

**ANSWER:** **Defendant lacks sufficient knowledge or information to answer this paragraph.**

32. As outlined in the preceding paragraphs, Plaintiff is a "qualified individual with a disability" within the meaning of 42 U.S.C.A. § 12111(8) because he can, with reasonable accommodation, perform the true essential functions of the job that he held and sought to hold in the employ of the Defendant.

**ANSWER:** **Defendant lacks sufficient knowledge or information to answer this paragraph.**

33. During his employment, Suri informed SDI that he suffers from a disability, PTSD, which was diagnosed in 2019.

**ANSWER:** **Denied.**

34. When Suri applied with SDI online, he completed a disability acknowledgment form ("Voluntary Self-Identification of Disability") and revealed his disability.

**ANSWER:** **Denied.**

35. Suri's PTSD qualifies him as a disabled person as defined by the ADA when considering the nature and severity of the impairment, its duration, and its long-term impact.

**ANSWER:** **Defendant lacks sufficient knowledge or information to answer this paragraph.**

36. When triggered, Suri suffers from migraines, requiring him to turn off lights to reduce the debilitating pain and symptoms.

**ANSWER:** **Defendant lacks sufficient knowledge or information to answer this paragraph.**

37. Suri's PTSD triggers also induce vomiting, panic attacks, migraines, sweats, and other hinderances in his ability to focus, think, and concentrate.

**ANSWER:** **Defendant lacks sufficient knowledge or information to answer this paragraph.**

38. Suri disclosed his PTSD prior to his employment in his employment application.

**ANSWER:** **Denied.**

39. On or about December 6, 2021, Suri also disclosed his PTSD at the outset of his employment to his supervisor Chief Markets Officer, Dawn Pfeiffer.

**ANSWER:** **Denied.**

40. Dawn Pfeiffer acknowledged Suri's disability and indicated that she would inform human resources of his request for accommodation.

**ANSWER:** **Denied.**

41. During Plaintiff's employment, Defendant was on notice and at all times knew of

Plaintiffs ADA-recognized disabilities.

**ANSWER:** **Denied.**

42. Upon this disclosure, Mr. Suri immediately requested a reasonable accommodation.

**ANSWER:** **Denied.**

43. As the Marketing Director, an executive level employee, and as a disabled employee, Suri requested that he be given an office with a closed door to work and focus.

**ANSWER:** **Denied.**

44. He informed SDI that the "bullpen" area where he was forced to work exacerbated his disability and symptoms thereof.

**ANSWER:** **Denied.**

45. It was widely known that SDI had many available closed door office spaces.

**ANSWER:** **Defendant lacks sufficient knowledge or information to answer what is "widely known" by an unidentified person / people. Defendant denies it has "many available closed door office spaces."**

46. In fact, other employees were able to "reserve" offices with closed doors for use when they came into work.

**ANSWER:** **Denied.**

47. It was also widely known that the spaces which were "reserved" frequently and consistently remained empty because employees would often not come into work to use them for during their reservations.

**ANSWER: Defendant lacks sufficient knowledge or information to answer what is "widely known" by an unidentified person / people. Defendant denies all remaining allegations in this paragraph.**

48. However, Mr. Suri was forced to repeatedly request his reasonable accommodation, to be assigned an office, throughout the entirety of his employment.

**ANSWER: Denied.**

49. When he inquired on a nearly weekly basis about the status of getting an office, Suri's manager Dawn Pfeifer and human resources personnel repeatedly stated, "we are working on it."

**ANSWER: Denied.**

50. Nonetheless, Suri continued to perform his job duties with or without an accommodation.

**ANSWER: Denied.**

51. The Defendant would not have suffered any undue hardship in providing Suri an office space as the defendant had multiple rooms empty and available to be assigned.

**ANSWER:** **Defendant denies plaintiff disclosed a disability or requested accommodations for a disability, and therefore denies the allegations in this paragraph. Defendant further denies it has "multiple rooms empty and available to be assigned."**

52. Under the circumstances, SDI did not engage in the accommodation process in good faith.

**ANSWER:** **Denied.**

53. Defendant's office spaces were available but were purposely and unreasonably withheld for months during Suri's employment.

**ANSWER:** **Denied.**

54. SDI objectively failed in their legal obligation to reasonably accommodate Suri's disability.

**ANSWER:** **Denied.**

55. Additionally, the CFO, Sharee Wolff, on multiple occasions subjected Suri to public harassment, demeaned him by calling him "stupid", "dumb"', and "lacking mental capacity" on multiple group video calls.

**ANSWER:** **Denied.**

56. On other occasions Sharee Wolff inquired about his mental state.

**ANSWER:** **Denied.**

57. The first time Sharee Wolff publicly harassed the Plaintiff it triggered Suri's PTSD and symptoms thereof, causing him to severely vomit and suffer excruciating migraines after the call.

**ANSWER:** **Denied.**

58. Suri complained to his manager Dawn Pfeiffer that he was being harassed by Sharee Wolff.

**ANSWER:** **Denied.**

59. Pfeiffer agreed that Wolff's statements were inappropriate and said that she would discuss them with Wolff.

**ANSWER:** **Denied.**

60. The second time, on February 22, 2022, Sharee Wolff more aggressively berated him on another video call with similar or worse language in front of his coworkers.

**ANSWER:** **Denied.**

61. SDI allowed Sharee Wolff on multiple occasions to harass and verbally assault Suri based on his disability.

**ANSWER:** **Denied.**

    62.    On February 23, 2022, Suri suffered an adverse action when he was terminated from his employment.

**ANSWER:** **Defendant admits plaintiff was terminated February 23, 2022. Defendant denies all remaining allegations in this paragraph.**

    63.    On February 23, 2022, he was later called into his manager's office and told by the Human Resources person "this isn't working out."

**ANSWER:** **Defendant admits that during the termination meeting, plaintiff was told that things were not working out and he was being terminated. Defendant denies all remaining allegations in this paragraph.**

    64.    Dustin Suri was harassed and terminated based on his disability.

**ANSWER:** **Denied.**

    65.    Specifically, the Defendant violated the ADA in at least the following ways: it failed to engage in the required interactive process; scrutinized his work performance more harshly than other employees without disabilities; degraded and humiliated him in front of his peers; subjected Plaintiff to a hostile work environment, exacerbated Plaintiff's anxiety; and caused Plaintiff emotional distress.

**ANSWER:** **Denied.**

66. As a direct and proximate result of Defendant's actions, Plaintiff suffered financial damages, including but not limited to loss of wages, past and future, loss of benefits, past and future, loss of future earnings and other incidentals and benefits of employment, damage to reputation, other compensatory damages, attorney's fees, court costs, and other damages allowable under the ADA.

**ANSWER:** **Denied.**

WHEREFORE, Defendant, SDI Presence, LLC prays for judgment in its favor and against plaintiff Dustin Suri plus any other award this Court deems just and proper, plus costs.

**AFFIRMATIVE DEFENSES**

1. Plaintiff's claims for failure to accommodate under the ADA are barred for failure to exhaust administrative remedies because they are outside the scope of the underlying charge of discrimination.

2. Plaintiff's claims for hostile work environment under the ADA are barred for failure to exhaust administrative remedies because they are outside the scope of the underlying charge of discrimination.

Defendant reserves the right to add affirmative defenses at a later time.

Respectfully submitted,
Schueler, Dallavo & Casieri

_____
An Attorney for Defendant

Katherine A. Rodosky
Schueler, Dallavo & Casieri
233 S. Wacker Drive
Suite 5230
Chicago, IL 60606
(312) 831-1091
[krodosky@sdc-atty.com](mailto:krodosky@sdc-atty.com)